## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Petitioner**

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0923**  (BOR Appeal No. 2051238)
(Claim No. 2016011777)

**PATRICIA L. POWELSON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Weirton Medical Center, Inc., by Peter R. Rich, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patricia L. Powelson, by Christopher J. Wallace, her attorney, filed a timely response.

The issue on appeal is the compensability of the claim for a left humerus fracture. On October 30, 2015, the claims administrator rejected Ms. Powelson's claim. The Office of Judges reversed the claims administrator's decision and held the claim compensable in its March 25, 2016, Order. The Order was affirmed by the Board of Review on August 31, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Patricia Powelson worked as a physical therapy assistant in the physical therapy clinic at Weirton Medical Center. The physical therapy clinic is located across the street from the main medical center building. On October 27, 2015, Ms. Powelson tripped and fell on a curb outside of the entrance to the main medical center building. She was treated in the emergency room at Weirton Medical Center where she was diagnosed with a closed fracture of the left humerus head. That same day, the Employee's and Physician's Report of Injury was completed by Ms. Powelson and Martin Escobar, M.D. The claims administrator rejected the claim on October 30, 2015, finding that Ms. Powelson was not performing a function of her employment when she fell.

1

Greg Altman, M.D., treated Ms. Powelson on November 2, 2015. Dr. Altman noted a left shoulder x-ray showed a supraspinatus outlet fracture in the shoulder joint with displaced greater tuberosity fracture. Dr. Altman diagnosed complex three part proximal humerus head fracture. He recommended an open reduction and internal fixation, which was performed on November 3, 2015.

Natalie Beatty, BSN, the employee health nurse at Weirton Medical Center, stated in an affidavit dated March 2, 2016, that Ms. Powelson worked in a facility located at 171 American Way, which was across the street from the main campus of Weirton Medical Center, which is located on Colliers Way. According to Ms. Beatty, Ms. Powelson was injured at approximately 11:15 a.m. on October 27, 2015, when she tripped on a curb outside of the main campus and fell to the ground. She was on the main campus to attend a book fair that was open to the public and to eat lunch at the hospital cafeteria. The injury occurred while Ms. Powelson was on her unpaid lunch break and engaged in personal activities unrelated to her employment with the Physical Rehabilitation Department.

In an affidavit dated March 2, 2016, Clayton Henderson, the Physical Rehabilitation Director at Weirton Medical Center, stated Ms. Powelson's usual work location was located at 171 American Way, which was a building across the street from the main hospital campus. She was scheduled to work at her normal work location from 7:30 a.m. until 4:00 p.m. on October 27, 2015. He had not requested nor directed Ms. Powelson to go to the main campus for work purposes. He believed she was injured while on her unpaid lunch break.

On March 4, 2016, Ms. Powelson testified at a hearing before the Office of Judges. She stated the outpatient rehab clinic was located in a building across the street from the main hospital.. She went to the main hospital building on the day of her injury to attend a book fair. Flyers were posted around the hospital and emails were sent notifying the employees about the book fair, which was open to the public. She also planned on having lunch in the cafeteria. In her opinion, she was on the clock when she was injured. She went to the book fair after she finished working with her last patient that morning, but before noon, which is when her lunch break typically started. Ms. Powelson was not asked by her supervisor to go to the main building on the day of her injury. It was a general pattern of practice for her to deliver items from her building to Mr. Henderson in the main building and vice versa.

In its March 25, 2016, Order, the Office of Judges noted that both parties cited *Williby v. West Virginia Office of Insurance Commissioner*, 224 W.Va. 358, 686 S.E.2d 9 (2009), for the principle that generally an injury while an employee is coming and going to work is not compensable. Ms. Powelson argued she was on her work premises when she fell and Weirton Medical Center, Inc., argued she was not on her work premises when she fell. The Office of Judges found that Ms. Powelson was on Weirton Medical Center Inc.'s premises when she fell. The Office of Judges went on to note that in *Morton v. West Virginia Office of Insurance Commissioner*, 231 W.Va. 719, 749 S.E.2d 612 (2013), the Court determined that "coming and going" cases and "special errand" and "zone of employment" cases were not helpful when the claimant sustained an injury "on the employer's premises during an undisputed 'break'" in work.

Therefore, the Office of Judges determined *Williby* was not particularly helpful in this case, because Ms. Powelson was on an undisputed break from work and the compensability her claim depended on specific facts.

The Office of Judge first examined whether Ms. Powelson was on her lunch break at the time of the fall. Weirton Medical Center submitted two affidavits stating Ms. Powelson was on her lunch break when she fell. However, Ms. Powelson testified that she was not on her lunch break as she left the clinic, having completed her work. She did not clock out and she receives one half hour paid lunch break and one half hour unpaid lunch break every day. The Office of Judges also determined it was impossible to tell if Ms. Powelson was on the paid or unpaid portion of her lunch break. Additionally, the employees received a discount and were encouraged to eat in the cafeteria. The Office of Judges determined the employee discount could be determined to be a benefit to the employees. It also found that it was not clear that Ms. Powelson was on her lunch break when she fell. However, even if she was on her lunch break, the preponderance of evidence indicated Ms. Powelson was "on the clock."

The Office of Judges next examined whether the book fair benefitted Weirton Medical Center. Ms. Powelson testified she left the clinic to attend a book fair that was sponsored by an auxiliary organization of the hospital. The employees are encouraged to attend the book fair and more employees generally attend than the general public. The funds raised are used to purchase items for the hospital and/or the patients. The Office of Judges noted this testimony was not rebutted and, therefore, found that the book fair benefitted the hospital and Ms. Powelson's attendance was encouraged.

Finally, the Office of Judges examined the pattern of the employees' taking items to and from the main building to the clinic. Ms. Powelson testified she normally engaged in this pattern of behavior and was going to check with her boss while she was at the main hospital building the day she was injured. It determined that Ms. Powelson's pattern of checking with her boss to see if items needed to be taken from the main hospital to the clinic could be seen as a benefit to the employer.

Based on all of those factors, the Office of Judges determined that Ms. Powelson was injured on the Weirton Medical Center's premises while in the course of and as the result of her employment. It reversed the claims administrator's October 30, 2015, denial of the claim and ordered the claim be held compensable for left humerus head fracture.

The Board of Review agreed with the Office of Judges and affirmed the March 25, 2016, Order on its August 31, 2016. After review, we agree with the Board of Review. Ms. Powelson was injured on the employer's premises while going to attend a book fair and have lunch. She was provided one half-hour of a paid lunch. She was encouraged to attend the book fair. The employees frequently acted as couriers taking items from the main hospital to the clinic. All of these things are factors that weigh in Ms. Powelson's favor in holding the claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

                                                                        Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker